# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00062-CV

**Holland Zahne Jones, Appellant**

**v.**

**Michael Jones and Zamora Rodriguez, Appellee**

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-24-005736, THE HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Holland Zahne Jones filed a notice of appeal from the trial court's "findings, conclusions, or recommendations" made at a hearing on August 21, 2024. The trial court signed "Temporary Orders in Suit Affecting the Parent-Child Relationship" on October 24, 2024. The Temporary Orders state that the trial court heard Michael Jones and Zamora Rodriguez's application for temporary orders on August 21, 2024. Upon initial review, the Clerk of this Court sent Jones a letter informing her that this Court appears to lack jurisdiction over the appeal because the trial court's October 24, 2024 order does not appear to be an appealable order.

In general, this Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless

statute provides for interlocutory appeal). No statute provides for interlocutory appeal from the trial court's October 24, 2024 order. The Clerk also informed Jones that the Court lacks jurisdiction over temporary orders rendered in a pending suit for modification of the parent-child relationship. Texas Family Code Section 105.001(e) expressly states: "Temporary orders rendered under this section are not subject to interlocutory appeal." *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (per curiam) (granting mandamus relief from temporary orders related to grandparent access to children); *see also* Tex. R. App. P. 52 (governing original proceedings, including petitions for writ of mandamus).

The Clerk requested a response on or before June 16, 2025, informing this Court of any basis that exists for jurisdiction. Jones filed a response that addresses the merits of her argument that the trial court erred by issuing temporary orders, but she did not put forth any argument that would allow this Court to exercise jurisdiction over nonappealable temporary orders. Because the trial court's order from which Jones seeks to appeal is not an appealable interlocutory order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed: June 20, 2025

2